Submitted on briefs without argument September 3, decided September 16, 1913.

## DOTY v. KLAMATH LAKE NAV. CO.

(134 Pac. 1183.)

Work and Labor—Effect of Express Contract—Performance of Additional Work.

Where the plaintiff had a written contract with a corporation to move a steamboat from the water on to the land, so that a railroad company could build a spur track to it and load it on the cars, and the railroad failed to build the track, whereupon plaintiff was directed by the vice-president of the company, who had been authorized to supervise the removal and to see that the plaintiff carried out his contract, to move the boat across the road to load it on the cars himself, the issue of the vice-president's authority to modify the written contract, or of the plaintiff's failure to perform the contract, is not raised in an action for the reasonable value of moving the boat across the road to load it on the cars, since the employment to do that work was necessary to enable him to perform his contract.

From Klamath: HENRY L. BENSON, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by M. R. Doty against the Klamath Lake Navigation Company, a corporation, and is brought to recover $200, the reasonable value of services rendered the defendant in moving the steamboat Klamath about 700 feet from the bank of Lake Ewauna across the wagon road and loading it on to railroad cars, and $17.50, the reasonable value of the labor of five men one day. It seems that the plaintiff had a written contract with the defendant to move the said

boat from the water to solid ground, so that the railroad company could build a spur track to it, load it on to the cars, and haul it to Hank, on Upper Klamath Lake, and plaintiff was to unload it there at the lake. After the boat was removed from the water, the railroad company refused to build a spur track to the boat and to load it on to the cars. Plaintiff was employed by Colonel Wilkins to move the boat across the county road to the sidetrack of the railroad company, about 700 feet distant, and to load it on cars there, which plaintiff did. Plaintiff alleges that $200 is the reasonable value of said services. The evidence tends to show that Parkhurst, the superintendent of the company, was going away, and he placed the matter of the supervision of the removal of the boat in the hands of Colonel Wilkins, who was vice-president of the defendant company.

Defendant admits by its answer that plaintiff performed the terms of the written contract, and the whole contention at the trial was as to the authority of Colonel Wilkins to employ plaintiff to move the boat across the county road and to load it on the cars. The verdict of the jury was in favor of plaintiff for the amount sued for, and from a judgment thereon defendant appeals. Submitted in briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).          AFFIRMED.

For appellant there was a brief by *Mr. C. M. Oneill.*

For respondent there was a brief by *Mr. C. C. Brower.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The testimony tends to show.that, as the manager was about to go away, he gave a copy of the contract

with Doty to Colonel Wilkins, and directed him to attend to the removal of the boat and see that Doty performed his contract. Such direction necessarily included the loading of the boat on the cars, either by the railroad company or by someone else. The court did not assume to determine the authority of Colonel Wilkins on any of these questions, but submitted them to the jury, which found in favor of the plaintiff.

There are but three assignments of error. The first is as to the refusal of the court to exclude from the consideration of the jury the testimony relating to the employment of Doty by Colonel Wilkins to move the boat across the county road and load it on the cars; the second relates to certain instructions; and the third to the entry of judgment. We find no error in any of these particulars. There was no issue in the case as to a modification of the written contract, or of Doty's failure to perform it, as assumed by defendant; and the employment of Doty by Wilkins seems to have been necessary in order that the plaintiff might complete his contract; and it was reasonably within Wilkins' authority to superintend the removal of the boat. The question was submitted to and passed on by the jury. There was no error in the instructions objected to.

The judgment is affirmed.    .    AFFIRMED.


MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.